```
            UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL J. GOODSON,              :
                                :
         Plaintiff,             :CIVIL ACTION NO. 3:10-CV-1910
                                :
         v.                     :(JUDGE CONABOY)
                                :(Magistrate Judge Carlson)
KIM KARDASHIAN, KOURTNEY        :
KARDASHIAN, and KLOE            :
KARDASHIAN-ODUM,                :
                                :
         Defendants.            :
                                :
```

---

## **MEMORANDUM**

Here we consider Plaintiff's Amended Complaint (Doc. 14) dated September 26, 2010, and docketed in this Court on September 30, 2010. Based on the prisoner mailbox rule, *Houston v. Lack*, 487 U.S. 266 (1988), assuming Plaintiff delivered this document for mailing on the date executed, this document is deemed filed on the date executed, September 26, 2010 (Doc. 14 at 6).

Because of the prisoner mailbox rule and the sequence of filings in this case, consideration of Plaintiff's Amended Complaint (Doc. 14) is not straightforward: the Court issued a Memorandum and Order (Doc. 13) dismissing this case on September 29, 2010, and Plaintiff filed a Notice of Appeal (Doc. 15) on October 4, 2010, appealing the Court's September 29, 2010, Memorandum and Order. Thus, Plaintiff's Amended Complaint (Doc. 14) is deemed filed, but was not docketed/received, before the Court dismissed his Complaint (Doc. 1), and Plaintiff filed a Notice of Appeal before the Court had an opportunity to consider

his Amended Complaint.

"As a general rule, the timely filing of a notice of appeal is an event of jurisdictional significance, immediately conferring jurisdiction on a Court of Appeals and divesting a district court of its control over those aspects of the case involved in the appeal." *Venen v. Sweet*, 758 F.2d 117, 120 (3d Cir. 1985) (*citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)). *Venen* further explained that "'divest' means what it says--the power to act, in all but a limited number of circumstances, has been taken away and placed elsewhere." An exception is that jurisdiction is not lost by the taking of an appeal from an order or judgment that is not appealable.[1] *Id.*

Because this Court had jurisdiction of this Amended Complaint when it was filed and the Court had not yet acted upon it when the Notice of Appeal was filed, rather than wade into a discussion of the propriety of Plaintiff's appeal and/or this Court's jurisdiction over the Amended Complaint, in the interest of judicial economy and efficiency we will now consider the merits of the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Amended Complaint (Doc. 14) is similar to Plaintiff's Complaint

---

[1] The *Venen* Court noted in the margin that exceptions include jurisdiction over application for attorney's fees, issuing orders regarding bonds and supersedeas bonds, or to modify, restore, or grant injunctions. 758 F.2d at 120 n.2. A district court also retains jurisdiction over those matters identified in Rule 4 of the Federal Rules of Appellate Procedure, including motions for reconsideration.

(Doc. 1) and based on the same basic facts though it does not elaborate as much on certain matters related to Defendants' television shows.  The Amended Complaint differs from the Complaint in two other respects: (1) the Amended Complaint clearly made alternative claims for intentional or negligent infliction of emotional distress (Doc. 1 at 3) and the Amended Complaint specifically identifies only negligent infliction of emotion distress in the "Legal Claims" section of the filing (Doc. 14 at 4); and (2), the Amended Complaint requests "certification of class action" pursuant to Federal Rule of Civil Procedure 23 (Doc. 14 at 3) and the Complaint does not.

For the reasons discussed in the Court's Memorandum and Order of September 29, 2010, Plaintiff's negligent infliction of emotional distress claim fails as a matter of law.  (Doc. 13 at 7-9.)  Because this is the only claim raised in the Amended Complaint, the Amended Complaint must be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Although we need not reach the class certification matter, we note that a pro se plaintiff may not bring such an action.  As explained in *Humphries v. Rendell*, Civ. A. No. 09-1211, 2010 WL 744559, at *2 (W.D. Pa. Mar. 2, 2010):

> It is clear that *pro se* [p]laintiffs cannot adequately represent a proposed class.  Such certification requires that the named plaintiff prove that he has met the requirements of numerosity, commonality, typicality, and adequacy of representation,

3

> Fed. R. Civ. P. 23. A class action can be
> maintained only if the representative parties
> will fairly and adequately protect the
> interests of the class, Fed. R. Civ. P.
> 23(a)(4), but, in this case, none of the
> plaintiffs is able to satisfy the adequacy of
> representation factor because none has
> sufficient legal education. *See Krebs v.
> Rutgers*, 797 F. Supp. 1246, 1261 (D.N.J.
> 1992) (denying class certification to pro se
> plaintiffs without sufficient legal
> education). In fact, pro se plaintiffs are
> not favored as representative parties in a
> class action as they generally cannot
> represent and protect the interests of the
> class fairly and adequately. *Caputo v.
> Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992),
> *aff'd*, 995 F.2d 216 (3d Cir. 1993) (table
> decision) (stating that [e]very court that
> has considered the issue has held that a
> prisoner proceeding pro se is inadequate to
> represent the interests of his fellow inmates
> in a class action); *Cahn v. United States*,
> 269 F. Supp. 2d 537, 547 (D.N.J. 1992);
> *Whalen v. Wiley*, No. 06-809, 2007 WL 433340
> *2 (D. Col. Feb. 1, 2007) (finding that it is
> plain error to permit a pro se inmate
> litigant to represent fellow inmates).

*Humphries*, 2010 WL 744559, at *2; *see also Nunez v. Lindsay*, Civ. No. 3:CV-05-1763, 2006 WL 3242111, at *1 (M.D. Pa. Nov. 7, 2006) (citations omitted) (finding that because Plaintiff was an incarcerated, pro se litigant, he was not an appropriate representative of the proposed class).

### Conclusion

For the reasons set out above, Plaintiff's Amended Complaint (Doc. 14) is properly dismissed. An appropriate Order follows.

S/Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

4

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL J. GOODSON,                     :
                                       :
          Plaintiff,                   :CIVIL ACTION NO. 3:10-CV-1910
                                       :
          v.                           :(JUDGE CONABOY)
                                       :(Magistrate Judge Carlson)
KIM KARDASHIAN, KOURTNEY               :
KARDASHIAN, and KLOE                   :
KARDASHIAN-ODUM,                       :
                                       :
          Defendants.                  :
                                       :
_____

## ORDER

NOW, THEREFORE, THIS 19th DAY OF OCTOBER 2010, FOR THE REASONS DISCUSSED IN THE ACCOMPANYING MEMORANDUM, IT IS HEREBY ORDERED THAT:

    1.    Plaintiff's Amended Complaint (Doc. 14) is DISMISSED;

    2.    The Clerk of Court is to mark the docket and this case is to remain closed.


                    S/Richard P. Conaboy
                    RICHARD P. CONABOY
                    United States District Judge